# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10546

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHAN HAMILTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-122
USDC No. 4:12-CR-249-1

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Stephan Hamilton, federal prisoner # 45442-177, pleaded guilty to conspiracy to possess with intent to distribute methamphetamine and was sentenced to the statutory maximum sentence of 240 months. The district court denied Hamilton's 28 U.S.C. § 2255 motion on the merits without holding an evidentiary hearing. Hamilton now seeks a certificate of appealability (COA).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10546

To obtain a COA, Hamilton must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, claims are rejected on the merits, the prisoner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that the issues presented "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

Hamilton fails to make the required showing on his claims that trial counsel was ineffective with respect to his guilty plea and at sentencing. *See id.* His motion for a COA is therefore denied. Because he has not briefed his district court claim that appellate counsel was ineffective, he has abandoned that claim. *See McGowen v. Thaler*, 675 F.3d 482, 497 (5th Cir. 2012); *see also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). We construe the motion for a COA with respect to the district court's failure to hold an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm.

COA DENIED; AFFIRMED.